In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00048-CV


______________________________







IN THE MATTER OF B.H., A JUVENILE






 


On Appeal from the County Court at Law No. 3


Smith County, Texas


Trial Court No. 003-0593-07




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 B.H. has filed an appeal from an order of adjudication and disposition to the Texas Youth
Commission. He was charged with having engaged in delinquent conduct, aggravated assault. On
January 18, 2008, the trial court signed its order of adjudication/disposition. (1) 

 B.H. timely filed a notice of appeal April 16, 2008. On that date, counsel also filed a request
for preparation of the record, based on the previously filed affidavit of indigency, which had
evidently resulted in her appointment as counsel. A clerk's record was promptly filed April 25, 2008. 
The reporter's record was due to be filed by May 19, 2008. 

 When no reporter's record was filed, we contacted the court reporter, who indicated that the
trial court had found B.H.'s parents were not indigent and that they were thus liable for the cost of
preparing the record. No order, nor any other writing reflecting this finding appeared in our record,
and there was nothing to indicate that the parents were not indigent or that their situation had
changed. Further, counsel Tina Brumbelow, who represented B.H., was appointed counsel for the
hearings and trial and was paid for her services by the county.

 Because of the lack of clarity caused by these omissions and by the undocumented assertion
of the court reporter, we abated the case to the trial court to conduct a hearing and make written
findings. The trial court's order finding that "[B.H.'s parent or guardian] is not indigent and must
retain counsel to represent her son . . . on Appeal" was filed in a supplemental clerk's record
October 24, 2008.

 On October 30, 2008, we contacted B.H.'s parent or guardian by letter, informing her of the
trial court's ruling and further informing her that, if we did not receive information from her within
ten days of the date of the letter that she was making a substantial and tangible effort to prosecute
the appeal by either (a) showing a reasonable attempt to retain an attorney and obtain the record that
might support claims of error, or (b) preparing and filing a brief based solely on the clerk's record
which had already been filed, we would conclude appellant no longer wished to pursue the appeal
and it would be subject to dismissal for want of prosecution pursuant to Rule 42.3(b) and (c) of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 42.3(b), (c). The response was due on or
before November 10, 2008.

 It is now November 24, 2008, and no response has been received. We dismiss this appeal
for want of prosecution.



 Jack Carter

 Justice


Date Submitted: November 24, 2008

Date Decided: November 25, 2008

1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.


ity="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00116-CV

                                                ______________________________

 

 

 

 

                                                        IN
RE:  ANNA C. SMITH

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Jason Allen Boyd sued Anna C. Smith
for damages allegedly arising from a motor vehicle collision.  The case was tried to a jury on June 29,
2010.  The jury returned a verdict for
the defense, finding that Boyds negligence proximately caused the
collision.  On July 12, 2010, the trial
court signed a take-nothing judgment. 
Boyd moved for a new trial.  The
trial court did not rule on the motion within the seventy-five-day time period
specified by Rule 329b(c) of the Texas Rules of Civil Procedure; therefore, the
motion was overruled by operation of law.  Tex. R.
Civ. P. 329b(c).  On October 8,
2010, the trial court signed an order granting a new trial, and setting the new
trial for April 5, 2011.  The order did
not specify the trial courts reasons for granting the new trial.  

            By petition for writ of mandamus, we
are asked to order the trial court to specify its reasons for disregarding the
jurys verdict and granting a new trial. 
However, after Smith filed her petition for writ of mandamus, the trial
court entered a revised order that specified the courts reasons for granting a
new trial.  

            Therefore, we deny Smiths petition
as moot. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 17, 2010

Date
Decided:             November 18, 2010